UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>        Plaintiff,<br>    v.<br>ODAY,<br>        Defendant. | Case No. 19-cr-00053-SI-1<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR A SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(C)(1)(A)**<br><br>Re: Dkt. No. 30 |

On October 27, 2023, the Court held a hearing on defendant Ivan Oday's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). Dkt. No. 30. Pursuant to that hearing and for the reasons set forth below, the Court GRANTS defendant's motion.

**BACKGROUND**

Defendant Ivan Oday is 53 years old and is currently incarcerated at FCI Lompoc in Santa Barbara County, California. Dkt. No. 30 at 21. On March 15, 2019, Mr. Oday pled guilty pursuant to a plea agreement to possession of a firearm in furtherance of a drug trafficking crime and possession of methamphetamine with intent to distribute. *Id.* at 2. Mr. Oday was on supervised release at the time. *Id.* at 2. Mr. Oday was sentenced to 84 months in custody on the new offense and 24 months, concurrent, for the supervised release violations. *Id.* at 3. To date, Mr. Oday has served over 57 months of his sentence. *Id.* at 2. His projected release date is August 27, 2024. *Id.* Thus, "Mr. Oday has effectively served about 84% of his sentence." *Id.*

On September 22, 2023, Mr. Oday filed a motion to modify his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). Dkt. No. 30. The government filed an opposition on October 16, 2023. Dkt. No. 42. Mr. Oday filed a reply on October 23, 2023. Dkt. No. 43.

**LEGAL STANDARD**

Defendant filed his motion pursuant to 18 U.S.C. § 3582(c)(1)(A). As amended by the First Step Act, that statute provides:

> [T]he court, upon motion of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that –
>
> (i)   extraordinary and compelling reasons warrant such a reduction
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The Ninth Circuit has held "the Sentencing Commission has not yet issued a policy statement 'applicable' to 3582(c)(1)(A) motions filed by a defendant" and "the Sentencing Commission's statements in U.S.S.G. § 1B1.13[1] may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *United States v. Aruda*, 993 F.3d 797, 802

---

[1] Section U.S.S.G. § 1B1.13 states:

Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that –

(1)(A) extraordinary and compelling reasons warrant the reduction; or

(B) the defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;

(2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

(3) the reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13. Application Note 1 states that "extraordinary and compelling reasons exist . . . [when] [t]he defendant is [] suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."

(9th Cir. 2021) (per curiam).  As such, "district courts are empowered to consider *any* extraordinary and compelling reason for release that a defendant might raise." *Id.* at 801 (alteration in original) (citations omitted).

**DISCUSSION**

Having carefully considered the parties' papers and arguments, the Court hereby GRANTS defendant's motion.  The Court finds that defendant has met his burden of showing "extraordinary and compelling reasons" justifying release based on his medical history and possibility of cancer recurrence.

Of primary concern is Mr. Oday's battle with renal cell carcinoma and the lack of care received from BOP for this serious health issue.  Mr. Oday underwent a radical nephrectomy procedure on January 29, 2021.  Over the next twenty-one days, Mr. Oday did not receive adequate pain medication and on multiple days he did not receive any pain medication as the acetaminophen was out of stock.  Although Mr. Oday may not currently have active cancer, post-nephrectomy monitoring is important due to the 20-30% rate of recurrence for renal cell carcinoma.  *See* Dkt. No. 30 at 7. National Comprehensive Care Network (NCCN) guidelines recommend imaging every 3-6 months for at least three years.  Mr. Oday's first urologist, Dr. Lambert, developed a schedule of care based on NCCN guidelines, which BOP repeatedly failed to follow.  On multiple occasions CT scans of the abdomen or chest were ordered but were performed well outside of NCCN guidelines or not performed at all.  Mr. Oday's last chest CT scan occurred on April 27, 2021.  Based on NCCN guidelines, Mr. Oday is grossly overdue for a chest CT scan.

The Court is also troubled by the BOP's lack of attention to Mr. Oday's recurring abdominal and testicular pain.  Mr. Oday had multiple consultations with FCI Terminal Island medical staff about testicular pain.  During a February 2023 consultation, a Terminal Island physician ordered a testicular ultrasound, a CT urogram, urinalysis, and basic metabolic panel.  After 40 days those tests had not been performed.  By the time of Mr. Oday's transfer to FCI Victorville in April 2023, he had not received the ultrasound or CT urogram.  In May 2023, Mr. Oday was sent to the Desert Valley Hospital emergency room due to severe pain where he received an ultrasound and CT scan.

Desert Valley developed a plan for follow-up consultations with a urologist. But, again, BOP failed to follow the medical plan.

The Court further finds that the § 3553(a) factors weigh in Mr. Oday's favor. Mr. Oday has effectively served about 84% of his sentence and resentencing him to time served comports with § 3553(a)(2)(B)'s requirement to "afford adequate deterrence to criminal conduct." Furthermore, releasing Mr. Oday places him in the best position to provide for his medical care in the most effective manner. *See* 18 U.S.C. § 3553(a)(2)(D).

Accordingly, the Court modifies Mr. Oday's sentence of imprisonment to time served. Mr. Oday shall be released from BOP custody as soon as practicable to reside with his mother Jonell Oday in Novato, California. The remaining portion of Mr. Oday's original term of imprisonment shall be converted to supervised release, after which Mr. Oday shall serve the previously imposed four-year term of supervised release under the direction of the U.S. Probation Office. Mr. Oday shall participate in a mental health treatment program as directed by U.S. Probation and is directed to participate in a substance abuse treatment program as a condition of supervised release.

**IT IS SO ORDERED**.

Dated: October 31, 2023

SUSAN ILLSTON
United States District Judge